Kitchell v. Bratton.

---

JOSEPH KITCHELL, appellant *v.* SAMUEL BRATTON, appellee.

*Appeal from Crawford.*

The section of the statute of frauds and perjuries which declares void as to creditors and purchasers, all conveyances of goods and chattels made upon considerations *not* deemed valuable in law, unless possession shall remain with

(1) 5 Serg. & Rawle, 277.

Kitchell *v.* Bratton.

the donee, or unless the conveyances be recorded, has no relation to a deed made upon a valuable consideration. The statute applies to deeds for personal property made upon *good* consideration only, as distinguished from *valuable*.

A party cannot assign for error an erroneous instruction favourable to him.

The rule governing conveyances of personal property, is, that unless possession shall accompany and follow the deed, the conveyance by legal inference is fraudulent and void as to creditors.

Where an erroneous instruction is given to the jury, but the bill of exceptions does not enable the Court to see what effect it probably had upon their verdict, the judgment of the Court below will be reversed. The bill of exceptions should have stated the proof upon the point.

THIS was an appeal from the verdict of a justice's jury upon the trial of the right of property in certain goods and chattels claimed by the appellant as mortgagee, which had been levied on by virtue of an execution in favor of the appellee.

The cause was tried at the March term, 1836, of the Crawford Circuit Court, before the Hon. Justin Harlan and a jury, and a verdict and judgment rendered against the appellant, from which he appealed to this Court.

E. S. JANNEY, for the appellant, relied upon the following points and authorities:

Contracts, where a fair and valuable consideration has been paid, are not affected by the statute of frauds. R. L. 313–14;(1) 2 Hen. and Munf. 302. Possession was not necessary under the mortgage—possession being necessary only in cases of absolute bills of sale or deeds. Ham *v.* Russell, 1 Cranch. 309; same case, 1 Peters' Cond. Rep. 318; U. S. *v.* Hove *et al.* 1 Peters 458; 1 Fonb. Eq. 270, 274.

That every debtor has a right to secure his creditor. 1 Peters 318 in notes.

So that even in cases of absolute bills of sale, if a valuable and adequate consideration has been given, possession is not deemed requisite unless there is an intention to defraud. Ham *v.* Russell, 1 Peters 320.

Recording of bills of sale or mortgages of personalty, is not requisite, especially where the consideration is valuable; nor is it required at all of conveyances of personalty. R. L. 314; Hodgson *v.* Butts, 1 Peters 476.

That even in cases of loans, recording only is necessary after a lapse of five years. Last clause, § 2 st. frauds; R. L. 314.

WALTER B. SCATES and A. P. FIELD, for the appellee:

An absolute bill of sale is fraudulent, if possession remain with the vendor. 1 Cranch. 309; 2 Munf. 341; 3 Munf. 1.

A conditional bill of sale, or a mortgage, where possession remains with the vendor or mortgagor, unless it be shown upon its face to be consistent with a fair and honest intent, and the

(1) Gale's Stat. 315-16.

z

circumstances of the transaction, is fraudulent.    2 Kent's Com. 410, 419, and the authorities there referred to.    See also generally upon the same doctrine, the same, and Espinasse N. P. 540–1, 566–7–8; Tidd. Pr. *919*; Robt. on 'Fraud. Con. 544, 570; 2 Cowp. 434.

To make a bill of sale or mortgage good under the statute, it must be proved by two witnesses, before some court of record, within eight months.    R. L. 313–14, § 2.(1)

WILSON, Chief Justice, delivered the opinion of the Court:

In this case the question in the Court below, was relative to the ownership of certain articles of personal property which were levied on as the property of J. and P. Higgins, but which were claimed by J. Kitchell, who produced and gave in evidence, a deed of mortgage from the Higgins to himself, of the property levied on.    The consideration of the deed, as appears from its face, was a debt due from the Higgins to Kitchell.    By the stipulations of the deed, Kitchell was to have immediate possession of the property, but he was bound to relinquish all title thereto upon the payment of his debt.    Upon the trial in the Circuit Court, the counsel for the appellant, Kitchell, moved the Court to instruct the jury that if they believed the mortgage was made upon consideration deemed valuable in law, that then it was not necessary to record it.    This instruction the Court refused to give; but instructed the jury that unless they were satisfied from the evidence, that the appellant had had, and *bona fide* remained in, possession of the property, that then the mortgage was void, unless recorded within eight months.

To these instructions, the appellant, Kitchell, by his counsel, excepted, and assigns for error, 1st, The refusal of the Court to give the instructions asked for; and 2d, The giving the instructions which the Court gave.    From the instructions asked for and refused, as well as those given, it would seem that the Court considered the conveyance as coming within the provisions of that branch of the statute of frauds and perjuries, which renders void as to creditors, all deeds made upon consideration *not* deemed valuable in law, unless possession shall remain with the donee, or unless recorded.    This view of the case is clearly erroneous.    The deed to Kitchell, is upon consideration deemed valuable in law, and therefore excluded from the operation of that branch of the statute which authorizes recording.    The statute applies to deeds for personal property, made upon *good* consideration only, as distinguished from *valuable*, and with respect to them, substitutes possession for recording.    In the instructions given by the Court, there was no error, except in that branch of it which recognised the alternative of recording as equivalent to

(1) Gale's Stat. 315–16.

possession in the mortgagee, for the purpose of giving validity to the deed. This is not the law; but inasmuch as it was an error favorable to the appellant, by making valid his mortgage by either possession or recording, he has no ground of complaint. The refusal, however, of the Court to give the instructions asked for, was clearly erroneous. But what would have been the effect of those instructions, and whether, if given, a different result would have been produced, depends upon a fact which is not disclosed by any part of the record; that is, whether the possession of the property remained with the mortgagors, or, whether it passed according to the terms of the deed, to the mortgagee, and was by him retained. If the fact was that the mortgagee took and retained possession of the property, then the instructions asked for, had they been given, would have entitled him to a verdict, and were therefore material. But if the possession did not continue with him, the deed was by legal inference fraudulent and void, and the instructions could not have availed him. The rule governing conveyances of personal property, as laid down in the case of Thornton *v.* Davenport and Henderson,(1) decided at this term of the Court, is that "Unless possession shall accompany and follow the deed," it is by legal inference fraudulent and void as to creditors. If then, from the evidence in this case, it appeared that possession was taken and retained by Kitchell, and the transaction was otherwise fair, his title to the property was valid. But if, on the other hand, the property remained in the possession of the Higgins, its so remaining rendered the conveyance fraudulent *per se,* because inconsistent with the stipulations of the deed which gave the possession to Kitchell, until the debt was paid.

The bill of exceptions should have stated the proof upon this point; but as it has not done so, the case is too imperfectly presented to enable this Court to say what should have been the decision below, or give such judgment here, as that Court ought to have given. The decision of the Circuit Court is therefore reversed, the cause remanded, and a new trial awarded, conformably to this opinion. The costs of this Court to be paid by the appellee.

*Judgment reversed.*

(1) *Ante* 296.